[Crim. No. 4702. In Bank. May 7, 1946.]

THE PEOPLE, Respondent, v. JOHN W. OWENS,
Appellant.

Cantillon & Glover and Richard H. Cantillon for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Defendant was accused by information in two counts of violating subdivision 3 of section 337a of the Penal Code in that he did "willfully, unlawfully and feloniously . . . receive and hold certain monies . . . of F. M. Jordan [Count 1; and of R. E. Kilkelly, Count 2] to be wagered upon the result of a . . . horse race." He pleaded not guilty to both counts and waived a jury. The only wit-

nesses called upon the trial were Jordan and Kilkelly. No evidence was offered by the defense. The court sitting without a jury found defendant guilty as charged and sentenced him to the county jail for one year on each count, the sentences to run concurrently. He appeals from the judgments and order denying a new trial.

Section 337a, subdivision 3, of the Penal Code, under which defendant was convicted, provides that: ''Every person . . . Who . . . receives, holds, or forwards . . . any money, . . . or the equivalent or memorandum thereof, staked, pledged, bet or wagered, or to be staked, pledged, bet or wagered, or offered for the purpose of being staked, pledged, bet or wagered, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast . . .'' is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year.

The section is expressly made applicable not only to persons who may commit any of the acts designated in its several subdivisions ''as a business or occupation,'' but also ''to every person . . . who may do in a single instance'' any one of the prohibited acts. At the time of the transaction here involved (April 26, 1933), the ''Horse Racing Act'' (as amended in 1935; Deering's Gen. Laws, Act 3421 [now div. 8, ch. 4, Bus. & Prof. Code]), which created certain exceptions to the general prohibitions contained in section 337a, had not been enacted. (See *In re Walker,* 11 Cal.2d 464 [80 P.2d 990, 117 A.L.R. 825]; *In re Goddard,* 24 Cal.App.2d 132 [74 P.2d 818].)

The prosecution witnesses, Jordan and Kilkelly, testified that defendant called on them at an advertising agency where they were employed, stating that some of their friends had sent him to see them. He told them that he was a jockey and that each year a race was held which gave jockeys a chance to make some money, and that he would share his winnings with them if they would advance some money for the purpose of making a bet on the race. Each of the prosecution witnesses gave defendant a check for $100 to wager on the race. Defendant wrote the name of a horse on a piece of paper and signed his name and delivered the paper to the witnesses. This paper was introduced in evidence upon the trial.

Defendant contends that Jordan and Kilkelly were ac-

complices and that their testimony was not corroborated as required by section 1111 of the Penal Code. It is unnecessary for us to determine the correctness of defendant's contention that the witnesses were accomplices, since, if we assume for the purposes of this decision that they were accomplices, it is clear that there is sufficient corroborative evidence tending to connect defendant with the commission of the offenses.

 Obviously, each prosecution witness could be an accomplice only with respect to the particular offense arising out of the wager made by him. with defendant. He would not be an accomplice in the offense based on the wager made by the other witness. In other words, the witness Jordan, if an accomplice, would be such only as to the offense resulting from his wager with defendant and clearly would not be chargeable with or answerable for the wholly independent wager made by the witness Kilkelly. The converse is equally true with respect to the other wager. This being so, the testimony of one corroborates the testimony of the other with respect to the transaction in which the other engaged. Moreover, the paper upon which defendant had written the name of the horse and his own name, and had delivered to the witnesses at the time the wagers were made, also corroborates the testimony of the assumed accomplices by tending to connect defendant with the offenses described by the witnesses. (*People* v. *Harper,* 25 Cal.2d 862, 876 [156 P.2d 249].)

The judgments and order denying a new trial are affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied June 3, 1946.